IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL R. MCMAHAN, | |
| Plaintiff, | |
| v. | Case No. 23-cv-3348-NJR |
| PULASKI COUNTY JAIL STAFF, CPT. ADKINS, SGT. BULLOCK, and OFFICER FERGUSON, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Daniel R. McMahan, who at the time he filed his Complaint was a detainee at the Pulaski County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] On October 20, 2023, McMahan filed his Complaint alleging various violations of his constitutional rights while at the Pulaski County Jail. On October 27, 2023, McMahan filed an Amended Complaint alleging that defendants failed to protect him from sexual assault by another inmate, in violation of the Fourteenth Amendment.

---

[1] McMahan's original Complaint referenced both Section 1983 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics,* 403 U.S. 388 (1971). His Amended Complaint fails to allege any basis for his claims other than the claims involve a federal question under 28 U.S.C. § 1331. But McMahan sues county employees for events which occurred while he was a detainee at Pulaski County Jail. Thus, it appears that his claims are properly analyzed under Section 1983. *See Grady v. Aragona,* Case No. 20-cv-1206-JPG, 2020 WL 7123146 at *2 (citing *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013); *Urias-Urias v. Youell,* Case No. 06-3071, 2006 WL 1120434, *1 n.1 (C.D. Ill., April 26, 2006); *Lewis v. Downey,* 581 F.3d 467, 471 n.3 (7th Cir. 2009)).

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### *In Forma Pauperis* Motion

Section 1915(g) prohibits a prisoner from bringing a civil action or appealing a civil judgment *in forma pauperis* ("IFP"), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that McMahan has had more than three cases which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See McMahan v. Franklin County Sheriff's Dep't*, Case No. 07-cv-447-TIA (E.D. Mo. dismissed Mar. 19, 2007); *McMahan v. Berliner*, Case No. 07-cv-633-TIA (E.D. Mo. dismissed April 9, 2007); *McMahan v. Franklin County Sheriff's Dep't*, Case No. 07-cv-1154-TIA (E.D. Mo. dismissed Aug. 15, 2007).

Thus, McMahan has accumulated three "strikes" for purposes of Section 1915(g) and cannot proceed IFP unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed [as a pauper] when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed [as a pauper]." *Id*. at 330.

The Court notes that McMahan is no longer detained at Pulaski County Jail. Since the filing of his Complaint, he has transferred to the Federal Transfer Center in Oklahoma City, Oklahoma (Doc. 11). Although McMahan is no longer detained at the Pulaski County Jail, his transfer does not moot the imminent danger analysis because the analysis requires the Court to consider whether McMahan was in imminent danger at the time of filing. *See Ciarpaglini,* 352 F. 3d at 330 ("The question is whether these allegations are sufficient to find that [the plaintiff], when he filed his complaint, satisfied the 'imminent danger of serious physical injury' requirement"); *Duncan v. Spiller*, No. 15-cv-087-MJR-SCW, 2015 WL 13740745, at *6 (S.D. Ill. Oct. 28, 2015) ("the standard for proceeding IFP is whether the inmate was in imminent danger at the time he filed the Complaint"); *Naseer*

3

*v. McArdle*, No. 17-cv-509-jdp, 2020 WL 1638844, at *4 (W.D. Wisc. Apr. 2, 2020) ("The imminent danger requirement applies to a plaintiff's status at the time he filed his complaint. So a change in those conditions after filing of the complaint does not affect the imminent danger analysis."). Thus, the Court must still make a determination regarding McMahan's imminent danger claim even though he transferred to a different facility after filing the Complaint.

The imminent danger exception is available for "genuine emergencies," where "time is pressing." *Lewis v. Sullivan*, 279 F. 3d 526, 531 (7th Cir. 2002). McMahan alleges that he was sexually assaulted by his cellmate. Prior to the attack, he informed guards of the threats made by the cellmate, but they ignored his pleas for protective custody. At the time McMahan filed his Complaint, he was still detained at Pulaski County Jail in the same general area as his attacker (Docs. 5 and 6). He alleged that his attacker was a member of a dangerous gang and McMahan received threats from other inmates when he went to the recreation area or the shower (Doc. 6, p. 1). Based on the allegations in his motions to waive the three-strikes rule (Docs. 5 and 6), it appears that McMahan was potentially at risk at the time he filed his Complaint. Thus, the Court will allow McMahan to proceed *in forma pauperis* under the "imminent danger" exception to the "three-strikes" rule, at least *preliminarily*. If his allegations of imminent physical harm prove to be untrue, then he must pay the whole filing fee promptly. *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). And if it turns out that he has lied in an effort to manipulate the Court, the case may be dismissed with prejudice as a sanction even if McMahan pays the full filing fee. *Id.*

Accordingly, McMahan's IFP Motion (Doc. 5) and motion to waive (Doc. 6) are **GRANTED**. The initial partial filing fee and payment scheme will be set forth in a separate order.

## The Complaint

Turning to McMahan's Amended Complaint (Doc. 4), he makes the following allegations: While a detainee at the Pulaski County Jail, McMahan was housed in E-Pod, Cell #1, a two-man cell containing two bunk beds, one sink, and one toilet (*Id*. at p. 2). On September 23, 2023, while McMahan was in the shower room next door to his cell, his cellmate threatened to rape him (*Id*.). After his shower, Officers Bullock, Ferguson, and other unnamed jail officers, transferred McMahan from the showers back to his cell. McMahan informed the officers that his cellmate, identified only by the nickname "Ricco," intended to attack him. McMahan stated that he was in fear for his life, wanted protective custody, and requested to be separated from his cellmate (*Id*.). In response, the officer laughed and forced McMahan to return to his cell. On September 25, 2023, Ricco sexually assaulted McMahan. McMahan alleges that Bullock and Ferguson failed to protect him from the assault when they refused to remove him from Cell #1 after his cellmate threatened him.

## Preliminary Dismissals

Although McMahan lists Captain Adkins as a defendant in his case caption, he fails to include any allegations against him in the statement of claim. Thus, any claim against Captain Adkins is **DISMISSED without prejudice**. McMahan also lists Pulaski County Jail Staff in the case caption and alleges that "several other officers" were present

when he informed Bullock and Ferguson of his cellmate's threats (Doc. 4, p. 2). Although McMahan may certainly allege claims against identified John/Jane Does (*i.e.*, John Doe #1, John Doe #2), he includes a generic group of staff and officers. These claims are too generic to survive threshold review as he does not describe the officers or even state the number of officers present when he was placed back in Cell #1. Thus, any claim against unknown jail officers is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** **Fourteenth and/or Eighth Amendment claim against Officer Ferguson and Officer Bullock for failing to protect McMahan from his cellmate's assault.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

Although it is not clear from the Amended Complaint as to whether McMahan was a pre-trial detainee or convicted at the time he was detained at the Pulaski County Jail, he states a viable claim under either the Fourteenth or Eighth Amendment. *See Budd*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

6

*v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (pretrial detainee's claims arise under the Fourteenth Amendment rather than Eighth Amendment); *Weiss v. Cooley,* 230 F.3d 1027, 1032 (7th Cir. 2000). *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)). McMahan alleges that he informed both Bullock and Ferguson of his cellmate's threats to sexually assault him and he requested protective custody. The officers failed to remove him from the cell and merely laughed at his requests. That is enough to state a claim under either the Fourteenth Amendment or Eighth Amendment standard. *See Kemp v. Fulton Cou*nty, 27 F. 4th 491, 495-97 (7th Cir. 2022) (pretrial detainee's failure to protect claim arises under the Fourteenth Amendment, an objective standard requiring detainee to demonstrate that defendant's actions were objectively unreasonable, that he "acted purposefully, knowingly, or perhaps even recklessly"). *See also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (Eighth Amendment failure to protect claim requires that a plaintiff show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) the defendants "acted with deliberate indifference to that risk.").

## Disposition

For the reasons stated above, McMahan's motion for leave to proceed *in forma pauperis* (Doc. 5) and motion to waive three-strikes rule (Doc. 6) are **GRANTED**. Count 1 shall proceed against Officer Ferguson and Officer Bullock. Pulaski County Jail staff and Captain Adkins are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Officer Ferguson and Officer Bullock: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons)

and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by McMahan. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by McMahan, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against McMahan, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, McMahan is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 2, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**